IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Willie Marks, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 18 CV 50232 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| | ) | |
| Aramark Inc., | ) | |
| | ) | |
| *Defendant*. | ) | |

## REPORT AND RECOMMENDATION

It is the Court's Report and Recommendation that Defendant's request for dismissal of the complaint be granted and that Plaintiff's claims be dismissed without prejudice for failure to exhaust administrative remedies. Any objection to this Report and Recommendation must be filed by December 11, 2019. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–61 (7th Cir. 1989).

## I. BACKGROUND

Plaintiff Willie Marks, formerly a prisoner at the Winnebago County Jail,[1] has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Defendant Aramark, the company contracted to provide meals to inmates at the Jail. Plaintiff has diabetes, for which he requested meals that accommodate his nutritional needs. Plaintiff alleges, however, that he was not provided with meals that complied with his diabetic nutritional needs while he was incarcerated. Plaintiff further states that Aramark has a custom and policy of serving meals full of carbohydrates, such as rice, pasta, white bread, and potatoes, to diabetic inmates, which made it difficult for him to manage his blood sugar. As a result of eating these meals, Plaintiff says he suffered blurry vision, swollen ankles and feet, and stomach problems.

Defendant answered Plaintiff's complaint and asserted as an affirmative defense that Plaintiff failed to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). On October 17, 2019, the Court conducted a *Pavey* hearing concerning Plaintiff's efforts to exhaust administrative remedies before filing this lawsuit. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *see also Wagoner v. Lemmon*, 778 F.3d 586, 591–92

---

[1] At the time Plaintiff filed his complaint on July 5, 2018, he was incarcerated at the Winnebago County Jail. Dkt. 1; *see Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) (finding that the status of the plaintiff at the time he brings his suit determines whether the plaintiff is a prisoner subject to the PLRA's exhaustion requirements).

1

(7th Cir. 2015) (finding that courts should hold a *Pavey* hearing before deciding the action on the merits). Neither party disputes that Plaintiff filed a grievance regarding the diabetic meal option on April 19, 2018, that this grievance was denied on April 22, 2018, and that Plaintiff filed an appeal of this grievance denial after the Jail's deadline to appeal had passed. The issue, therefore, is whether Plaintiff's failure to exhaust his administrative remedies can be excused.

At the *Pavey* hearing, Justin Egler testified that he was an Administrative Lieutenant at the Winnebago County Jail during the time period at issue in this litigation and was responsible for the inmate classification and disciplinary processes. He stated he was also familiar with the Jail's grievance procedures in effect during the time Plaintiff was incarcerated, namely between September 2016 through August 2019.

Egler explained that the Winnebago County Jail's grievance procedures were outlined in the Inmate Handbook. Egler testified that inmates were made aware of the grievance process during their classification interview by a correctional officer when they entered the Jail and through an orientation video that ran during the day in the classification pod. The Inmate Handbook was also available on computer kiosks in every housing unit. The Inmate Handbook, a copy of which was introduced as an exhibit at the hearing, provides the following, in pertinent part:

> An inmate grievance procedure is made available to all inmates and includes at least one level of appeal. Correctional Staff will make every effort to resolve problems in an informal manner. If the inmate deems the resolution to the problem is inadequate, an inmate grievance must be submitted. Grievances must be submitted using the inmate kiosk Cobra GT or inmate tablet. All grievances must be filed as soon as possible but no later than 5 days after the incident. Grievances that are Food service related must be submitted under Food service tab. Grievances that are Medical related must be submitted under medical tab. All other grievances must be filed under Grievance tab. Corrections Officer will provide assistance if needed. Detainees must enter grievance with a thorough explanation of the problem and the relief sought. Inmates will receive a response / decision via Cobra GT or tablet within seven (7) business days of filing the grievance. . . . Inmates have the right to appeal any response / decision. Appeals must be submitted via inmate kiosk Cobra GT or tablet within 72 hours of receipt of the response / decision.

*See* Dkt. 52-1, pg. 8 (Def.'s Ex. A, Winnebago County Sheriff's Corrections Bureau, Inmate Handbook).

Egler testified that the Inmate Handbook had been updated in February 2018, though the grievance deadlines had not changed in the updated version. Egler admitted having no personal knowledge or documentation available to him at the hearing that showed that the Jail's procedures for filing an appeal of a grievance were explained to Plaintiff during booking or that Plaintiff received training on the handbook following its revision in February 2018.

Egler also authenticated a Resident Request Report ("Report") showing Plaintiff's entries

into the Cobra GT kiosks from September 18, 2016 through December 20, 2018. *See* Dkt. 52-2 (Def.'s Ex. B, Resident Request Report for Willie Marks). Egler testified that all entries made into the kiosks, including grievances and appeals, are permanently saved in the Jail computer system. The Report shows that Plaintiff filed the grievance at issue here on April 19, 2018, stating "The trays do not have diabetic food on the diabetic trays. Please change my diet to diabetic because these trays raise[] my sugar readings." Dkt. 52-2, pg. 33. On April 22, 2018, a correctional employee responded that the "trays are in compliance and are approved for diabetic individuals." *Id.* Plaintiff appealed this response on October 23, 2018, saying "The respon[s]e the meal kitchen 623025 gave me on kiosk was unexceptable [sic]. I need diabetic approved food trays. Please make prep[a]rations for diabetic trays for my health issues. Thank you." *Id.*, pg. 14. The following day a correctional employee responded that appeals must be submitted through the kiosk within 72 hours of receipt of the response or decision.

Plaintiff also testified at the hearing. He stated that he never received an Inmate Handbook at any time during his incarceration, but that he was informed of the rules and regulations in the Handbook by viewing the orientation video in September 2016. Plaintiff stated he was also aware the Handbook could be viewed on the tablets provided to inmates. Similarly, he confirmed that he was aware he could access the Handbook through the Jail kiosks. *See* Dkt. 52-7, pg. 23.

## II. LEGAL STANDARDS

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust available administrative remedies before filing a federal lawsuit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Pavey*, 544 F.3d at 740; *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). To exhaust administrative remedies, an inmate must proceed through all steps of the institution's grievance process that are available to him. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). That means the inmate must grieve his complaint "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). The PLRA does not, however, set forth the procedures an inmate must take to exhaust administrative remedies at a particular institution; rather, the procedures are established by each institution. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). The Seventh Circuit requires strict compliance with the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). An inmate "who does not properly take each step within the administrative process has failed to exhaust" administrative remedies and thus "is foreclosed by § 1997e(a) from litigating." *Pozo*, 286 F.3d at 1024.

Failure to exhaust administrative remedies is an affirmative defense. *Jones*, 549 U.S. at 216. The burden, therefore, is on the defendant to prove by a preponderance of the evidence that an administrative remedy was available to the plaintiff and that the plaintiff failed to exhaust that remedy. *Jones v. Dart*, No. 14 C 1929, 2016 WL 1555588, at *2 (N.D. Ill. Apr. 18, 2016) (collecting cases).

### III. DISCUSSION

Defendant argues that Plaintiff's claims should be dismissed because he did not fully exhaust his administrative remedies prior to filing suit. The Winnebago County Jail's grievance procedure set forth in the Inmate Handbook provides a three-tier grievance system. *See* Dkt. 52-1, pg. 8. Inmates are encouraged first to "resolve problems in an informal manner." *Id.* If the inmate's problem is not adequately resolved, a grievance must be submitted using the inmate kiosk no later than five days after the date of the alleged incident. *Id.* If the inmate's problem remains unresolved, he may appeal the grievance decision to the Jail superintendent within 72 hours of receiving a response to the grievance by using the inmate kiosk. *Id.*

Here, Plaintiff filed the grievance that formed the basis for this lawsuit on April 19, 2018. Dkt. 52-2, pg. 33. Plaintiff received a response to his grievance on April 22, 2018, but did not file his appeal until October 23, 2018, well after the 72-hour deadline and after he filed the present lawsuit. *Id.*, pgs. 14, 33.

Plaintiff does not dispute that he filed this lawsuit before appealing the response to his April 19, 2018 grievance or that he appealed the denial of the grievance after the 72-hour deadline. Instead, he argues that his failure to exhaust administrative remedies should be excused because he: (1) was not provided a physical copy of the Inmate Handbook; (2) attempted to respond to the denial of his grievance within 72 hours; (3) requested civil rights complaint materials within 72 hours; and (4) was never informed that the failure to follow the grievance procedures, specifically the appeal process, would preclude him from filing a lawsuit. The Court finds that none of these reasons excuse Plaintiff from exhausting his administrative remedies.

First, Plaintiff testified that he never received a copy of the Inmate Handbook describing the Jail's grievance procedures or had the procedures explained to him by Jail officials, however, he never testified that he was unaware of the appeal procedures or the 72-hour deadline. In fact, Plaintiff's second and third arguments indicate his awareness of those procedures in that he knew he needed to file something within 72 hours of his grievance being denied.

Moreover, Plaintiff's testimony that he did not receive a copy of the Inmate Handbook does not excuse his noncompliance with the grievance procedures. It is undisputed that the grievance procedures, including the appeal process, were clearly outlined in the Inmate Handbook. *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011) ("When administrative procedures are clearly laid out, as in this case, an inmate must comply with them in order to exhaust his remedies."); *Russell v. Unknown Cook Cty. Sheriff's Officers*, No. 03 C 3786, 2004 WL 2997503, at *4 (N.D. Ill. Dec. 27, 2004) (providing an inmate with an informational handbook outlining grievance procedure deemed adequate notice). Despite not receiving a paper copy of the Handbook, Plaintiff testified that the orientation video informed him of the rules and regulations in the Inmate Handbook and that he knew the Handbook could be viewed on the kiosks or tablets.[2] *See Hall v. Sheahan*, No. 2000 C 1649, 2001 WL 111019, at *2 (N.D. Ill. Feb. 2, 2001) (finding that

---

[2] Plaintiff also signed a worksheet during his classification interview indicating that he was able to understand the Inmate Handbook. *See* Dkt. 52-4, pg. 3 (Def.'s Ex. D, Classification Report Interview).

defendants needed to make a reasonable, good-faith effort to make a grievance procedure available to the plaintiff, such as posting the grievance procedure in such a manner that the plaintiff could reasonably be expected to see it). Therefore, simply testifying that he did not receive a copy of the Inmate Handbook does not excuse Plaintiff's untimely appeal where he admitted being aware of the grievance procedures, knew where to locate the Inmate Handbook, and was able to access the Inmate Handbook to review the procedures as needed.

This is not a case where the plaintiff was left in the dark about the grievance procedures. *See, e.g.*, *Latin v. Johnson*, 2019 WL 5208856, (N.D. Ill. October 16, 2019) (finding remedies unavailable where the plaintiff was not provided a handbook, the plaintiff testified he did not see the orientation video and was unaware how or where to access the handbook, and there was no other evidence that the plaintiff was informed that the handbook was available on the kiosks). Plaintiff here has admitted that he was aware of the rules and regulations and that he could access the Inmate Handbook on the kiosks. Therefore, Plaintiff had all the necessary information to complete the grievance process at the Jail. For these reasons, Plaintiff's attempt to excuse himself from properly using a grievance procedure he admitted being informed of is unavailing.

As to Plaintiff's second argument, he testified that within 72 hours of the denial of his grievance, he attempted to respond on the kiosk, but his response was not recorded on the kiosk, perhaps, he opined, because he did it incorrectly. Plaintiff provided no documentation to prove that he submitted a response on the kiosk. Furthermore, he did not testify that he asked for any assistance in filing his appeal. *See* Dkt. 52-1, pg. 8 ("Corrections Officer will provide assistance if needed."). Nor did he explain why he filed another appeal on October 23, 2018, if he thought he had already filed one within 72 hours. Accordingly, the Court is not persuaded by this testimony. *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) ("At Pavey hearings, judges may hear evidence, find facts, and determine credibility."). Plaintiff's attempt to respond on the kiosk does not excuse him from following the grievance procedures outlined by the Jail where he knew those procedures were available to him and could have reviewed the requirements of those procedures on the kiosk. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

As to the third argument, Plaintiff testified that he requested civil rights complaint materials on the kiosk in response to the denial of his April 19, 2018 grievance. Accordingly, Plaintiff attempts to argue that Jail officials should have construed his April 22, 2018 request for civil rights complaint materials as an appeal of the denial of his April 19, 2018 grievance. This argument does not hold water. The April 22, 2018 request states, in its entirety, "Please send me the 42 USC 1983 complaint form. Thank you." Dkt. 52-2, pg. 3. Plaintiff's request makes no mention of the diabetic meal trays or the April 19, 2018 grievance and so would not have put Jail officials on notice that the request pertained to the subject of this suit. *See Dole*, 438 F.3d at 809 (requiring strict compliance with prison's grievance process).

Lastly, Plaintiff takes issue with the fact that he was never informed that the failure to follow the grievance appeal process would preclude him from filing a civil rights lawsuit. It is not disputed that Plaintiff was not notified of the consequences of failing to follow the Jail's

grievance procedures. However, such notice is not required. *See Clark v. Forsythe*, No. CIV-09-649-M, 2010 WL 1753130, at *4 (W.D. Okla. Mar. 11, 2010) ("Plaintiff does not aver that he was unaware of the two-step grievance procedure used at GCDC for detainees' grievances. Plaintiff merely argues that jail officials did not inform him of the statute requiring him to exhaust administrative remedies. Jail officials had no such obligation."); *Regan v. Frank*, No. CIV.06-00066 JMS/LEK, 2008 WL 508067, at *5 (D. Haw. Feb. 26, 2008) ("[a]lthough the prison must give inmates information on how to properly file a grievance and must provide access to a law library or legal assistance, there is no authority requiring a prison to inform inmates of the exhaustion requirements of the PLRA."). The PLRA required Plaintiff to exhaust available remedies as outlined by the Jail's grievance procedures. *See Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."); *Bailey v. Robbins*, No. 2:14-CV-199-JMS-WGH, 2015 WL 3796054, at *3 (S.D. Ind. June 17, 2015) ("[Plaintiff's] second contention, that the IDOC grievance policy did not inform him that he had to file an appeal before he could bring a lawsuit, is meritless because regardless of whether the policy includes that information, by law, prisoners must exhaust their available administrative remedies before bringing a civil action in district court."). This procedure includes the filing of a timely appeal.

In sum, based on the evidence presented at the hearing, the Court concludes that Defendant has carried its burden of showing that Plaintiff failed to exhaust administrative remedies that were available to him. Plaintiff's arguments do not constitute grounds for excusing him from proper exhaustion, and Plaintiff presented no other evidence or circumstances to excuse his failure to exhaust. Therefore, it is this Court's Report and Recommendation that Plaintiff's complaint be dismissed without prejudice for failure to exhaust. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

However, should Plaintiff refile this claim, he will likely no longer be subject to the PLRA's exhaustion requirement. *See Campos v. Kramer*, No. 14 CV 01102, 2015 WL 4945134, at *2 (N.D. Ill. Aug. 19, 2015) ("Campos was no longer a 'prisoner' under the PLRA at the time he filed suit and therefore was not subject to the PLRA's exhaustion requirement.") (citing *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998); *Riggs v. Sonney*, No. 1:13-CV-9291, 2017 WL 2936697, at *3 (N.D. Ill. July 10, 2017) ("Now that Plaintiff is no longer incarcerated, he clearly falls outside the [PLRA's] express definition of a prisoner."); *Michalski v. Krebs*, No. CIV09-492-GPM, 2010 WL 1032647, at *2 (S.D. Ill. Mar. 17, 2010) ("[B]ecause Plaintiff filed this action while he was a prisoner for purposes of § 1997e(a), the action must be dismissed for Plaintiff's failure to exhaust his administrative remedies before filing suit. Should he re-file the action after he no longer is a "prisoner" as defined by the applicable statutes, he will not be subject to the exhaustion requirement.").

Dated: November 27, 2019          By:     *Lisa A. J.*

Lisa A. Jensen
United States Magistrate Judge